## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA PAIR, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>POSTAL FLEET SERVICES, INC.,<br>THE STAGELINE COMPANY, and<br>VILANO EMPLOYMENT SERVICES, INC.,<br><br>and<br><br>DON DORRIS, LESLIE DORRIS, and<br>BRENDA DORRIS,<br><br>      Defendants. | Case No.:  CIV-21-759-C<br>_____<br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Joshua Pair ("Mr. "Pair" or "Plaintiff"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against POSTAL FLEET SERVICES, INC. ("PFS"), THE        STAGELINE COMPANY ("Stageline"), VILANO EMPLOYMENT SERVICES, INC. ("Vilano," and collectively with PFS and  Stageline, referred to herein as "Corporate Defendants"), and DON DORRIS, LESLIE DORRIS, and BRENDA DORRIS ("Individual Defendants," and collectively with the Corporate Defendants, referred to herein as "Defendants"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et  seq.*

(the "FLSA") as follows:

**PARTIES**

    **A.**    **Plaintiff**

1.    Mr. Pair was employed as a Truck Driver for Defendants until on or about May 28, 2021. Mr. Pair is a citizen of the State of Oklahoma and resides in Noble, Oklahoma, which is in this District. Mr. Pair's Consent to Join the collective action aspect of this lawsuit is attached to the Complaint as **Exhibit 1**.

2.    At all times relevant to this Complaint, Mr. Pair, and all those similarly situated, were "employees" of Defendants for purposes of the FLSA and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

    **B.**    **Corporate Defendants**

*Defendant Postal Fleet Services, Inc.*

3.    PFS is a corporation formed under the laws of the State of Delaware, with corporate headquarters at 2808 North Fifth Street, Suite 501, St. Augustine, St. Johns County, Florida.

4.    At all times relevant to this Complaint, PFS operated as a surface transportation provider for the United States Postal Service ("USPS") in throughout several states States, including Oklahoma.

5.    At all times relevant to this Complaint, PFS has been an employer within the meaning of the FLSA.

6.    At all times relevant to this action, PFS acted as the employer of Mr. Pair.

2

7.     At all times relevant to this Complaint, PFS has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.     At all times relevant to this Complaint, PFS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

9.     PFS has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

### *Defendant The Stageline Company*

10.     Stageline is a corporation formed under the laws of the State of Florida, with headquarters at 2808 North Fifth Street, Suite 504,  St. Augustine, St. Johns County, Florida.

11.     At all times relevant to this Complaint, Stageline, as part of PFS's corporate family, operated as a surface transportation provider for the United States Postal Service in several states, including Oklahoma.

12.     At all times relevant to this Complaint, Stageline has been an employer within the meaning of the FLSA.

13.     At all times relevant to this action, Stageline acted as the employer of Mr. Pair.

14.     At all times relevant to this Complaint, Stageline has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15.     At all times relevant to this Complaint, Stageline has been an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

16.     Stageline has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

### *Defendant Vilano Employment Services, Inc.*

17.     Vilano is a corporation formed under the laws of the State of Florida, with headquarters a t2808 North Fifth Street, Suite 501, St. Augustine, St. Johns County, Florida.

18.     At all times relevant to this Complaint, Vilano, as part of PFS's corporate family, operated as a staffing and payroll service provider for commercial trucking companies, including PFS and Stageline.

19.     At all times relevant to this Complaint, Vilano has been an employer within the meaning of the FLSA.

20.     At all times relevant to this action, Vilano acted as the employer of Mr. Pair.

21.     At all times Vilano knew that Mr. Pair was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

22.     At all times relevant to this Complaint, Vilano has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

23.     At all times relevant to this Complaint, Vilano has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning

of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

24.     Vilano has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

## C.     Individual Defendants

### Defendant Don Dorris

25.     Don Dorris, upon information and belief, is the President of PFS, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

26.     At all times relevant to this Complaint, Don Dorris has been an employer within the meaning of the FLSA.

27.     At all times relevant to this action, Don Dorris acted as the employer of Mr. Pair.

### Defendant Leslie Dorris

28.     Leslie Dorris, upon information and belief, is the President of both Stageline and Vilano, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

29.     At all times relevant to this action, Leslie Dorris acted as the employer of Mr. Pair.

### Defendant Brenda Dorris

30.     Brenda Dorris, upon information and belief, is the Vice President of each of the Corporate Defendants, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

31.     At all times relevant to this action, Brenda Dorris acted as the employer of Mr. Pair.

## JURISDICTION AND VENUE

32.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

33.     Under 28 U.S.C. § 1367, this Court also has jurisdiction over Plaintiff's state law claims because the state claims are so related to the FLSA claims as to form part of the same case or controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because of diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

34.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Further, Defendants regularly transact substantial business within this District.

## BACKGROUND

35.     Defendants own and operate fleets of trucks, jeeps and other vehicles for providing dedicated  surface transportation services for the USPS, among others.

36.     Defendants employ truck drivers and mail carriers such as Plaintiff and members of the  putative classes.

37.     Plaintiff and members of the putative classes were each hired by Defendants and contracted to work for  Defendants in exchange for an hourly rate of pay.

38.     Plaintiff and all other similarly situated Truck Drivers who work or worked for Defendants were not paid the mandated federal and state minimum hourly  wage during the relevant time period.

39.     Defendants have been the "employer" of Plaintiff and those similarly situated within the  meaning of 29 U.S.C. § 203(d) during all times material to this Complaint.

40.     Defendants employed Plaintiff and those similarly situated and were responsible for setting and administering wage and compensation policies related to them during the relevant period  of time in question.

41.     The FLSA, along with related federal and state regulations, require an employer to compensate its employees at least minimum  wage for all hours worked during any pay period.

42.     Defendants required its Truck Drivers to work specific  pay  periods without compensating them for any of the hours worked at their hourly rate of pay,  thus refusing to pay these employees the mandated federal and state minimum wage.

7

43.     Defendants informed Mr. Pair and their other former Truck Drivers via e-mail on or about June 14, 2021, that due to the contracts being terminated, they would not have money to pay them for any of the hours they worked during their final pay period with Defendants.

44.     The email, attached as **Exhibit 2**, states:

> As some of you may have heard, Postal Fleet Services, Inc. ("PFS") and The Stageline Company ("Stageline") have an ongoing dispute with the United States Postal Service (the "USPS"). The USPS recently made the unilateral decision to setoff amounts they claim to have over-advanced on Direct Route Optimization contracts against amounts otherwise due to PFS and Stageline. As a result of the USPS's nonpayment, PFS and Stageline will be unable to fund the May 16-28, 2021 payroll under the HCR and CDS contracts which the USPS cancelled effective May 28, 2021. We are preparing to sue the USPS for non-payment. Unfortunately, it will likely take many months to resolve that claim. We apologize for the hardship we know this will cause.

45.     Defendants knew and were aware of their violations of the applicable laws regarding their obligation to pay the mandated federal and state minimum wage and failure to pay twice each calendar month. As such, Defendants' violations of the applicable laws are willful and malicious.

46.     The decisions regarding the compensation of Plaintiff and other members of the classes, and other terms of employment, were made through Defendants' centralized management, under the direction and control of their executives, officers and human resources personnel, including Don Dorris and Brenda Dorris.

47.     Defendants have refused to pay Plaintiff and other similarly situated workers any compensation for the pay period beginning May 16, 2021 through May 28, 2021 (the

"relevant time period"). Accordingly, Defendants have refused to pay Plaintiff and the putative classes wages for work performed during that time period. Specifically, Defendants have directed Plaintiff and members of the putative classes to perform work for Defendants during the relevant time period and then refused to pay them.

## JOINT-EMPLOYMENT ALLEGATIONS

48.     At all relevant times, PFS and its corporate family operated closely and associated with one another to own, operate and manage each of the Corporate Defendants.

49.     At all relevant times, PFS and its corporate family has been organized and operated in a consolidated way so that it can effectively provide consistent surface transportation and related services throughout the United States, including Oklahoma.

50.     PFS and its corporate family, although created as separate legal entities, are indistinguishable from one another as a consolidated surface transportation enterprise jointly responsible for the day-to-day operations of thousands of motor carriers and their cargo.

51.     This consolidated operation includes, but is not limited to, common policies and systems with regard to its employment practices such as job descriptions and classifications, hiring, promotions and termination, setting salaries, rates of pay, and other compensation decisions, timekeeping and payroll data collection, and issuing payroll checks.

52.     This consolidated operation is based in St Augustine, Florida, where each entity of the corporate family shares a single location for each of its corporate

headquarters.

53.     Similarly, the corporate executives of PFS and its corporate family are intertwined and overlap to further ensure the consistency required and necessary to operate its surface transportation enterprise.

54.     At all times relevant to this Complaint, PFS and its corporate family jointly employed Plaintiff and the similarly situated employees evidenced by their shared involvement in the terms of their employment and compensation.

55.     At all relevant times, PFS and its corporate family operated as a single entity for purposes of the wage and hour allegations set forth herein, having the effect that the unlawful conduct of each entity in PFS's corporate family is imputed to the other, therefore satisfying the applicable standards of joint employers within the meaning of the FLSA.

56.     At all relevant times, PFS and its corporate family consolidated their decision-making with regard to the wage and hour allegations set forth herein, and collectively controlled and implemented policies that resulted in a failure to pay wages in violation of the FLSA.

57.     Accordingly, PFS and its corporate family engaged in joint employment practices with regard to Plaintiff and similarly situated employees.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

58.     Defendants have engaged in systemic wage and hour violations against their Truck Driver employees. Defendants have caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not

limited to common compensation and centralized decision-making.

59.     Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by Truck Drivers employed to drive Defendants' motor carriers and cargo.

60.     Plaintiff brings Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the Oklahoma FLSA Collective Action Class ("Oklahoma FLSA Collective Action Class). The Oklahoma FLSA Collective Action Class is defined as follows:

> All individuals who are citizens of the State of Oklahoma and are or have been employed by Defendants as a Truck Driver from three (3) years prior to the filing date of this Complaint up until this Oklahoma FLSA Collective Action Class is finally certified by the Court who have worked without being paid compensation of, at least, the federal minimum wage during any pay period.

61.     Plaintiff seeks to represent all Truck Drivers who are citizens of the State of Oklahoma, as described above, on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record and pay the federal minimum wage for all hours worked. Defendants willfully violated the FLSA through their failure to properly pay the Plaintiff and FLSA Collective Action Class the federal minimum wage for all of the hours they have worked. Specifically, Defendants forced the Plaintiff and FLSA Collective Action Class to work their paid shift(s) without pay. Defendants knew and have been aware at all times that the Plaintiff and FLSA Collective Action Class were being required to work their paid shift(s), and yet failed

to pay them compensation of, at least, the legally mandated federal minimum wage for these hours worked.

62.     The number and identity of other plaintiffs who have yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

63.     Questions of law and fact common to the Plaintiff and FLSA Collective Action Class include but are not limited to the following:

a.     Whether Defendants unlawfully failed to pay Truck Drivers compensation of, at least, the legally mandated federal minimum wage for all hours worked;

b.     Whether Defendants' policy, practice, or procedure of failing to compensate Truck Drivers of, at least, the legally mandated federal minimum wage for all hours worked violates the applicable provisions of the FLSA; and

c.     Whether Defendants' failure to compensate Truck Drivers of, at least, the legally mandated federal minimum wage for all hours worked was willful within the meaning of the FLSA.

64.     Plaintiff's FLSA claims may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Plaintiff is similarly situated to the other Truck Driver employees described in the FLSA Collective Action Class. Plaintiff's claims are similar to the claims asserted by the FLSA Collective Action Class.

65.     Plaintiff and the FLSA Collective Action Class are (a) similarly situated;

and (b) are subject to Defendants' common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages, of at least, the mandated federal minimum wage for all work performed.

## CLASS ACTION ALLEGATIONS UNDER THE OKLAHOMA GENERAL WAGE LAW, 40 O.S. §§165.1, *et seq.* (the "OGWL")

66.     Plaintiff brings Count II for violations of the OGWL as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all members of the Oklahoma Class (the "Oklahoma Class"). The Oklahoma Class is defined as follows:

> All individuals who are citizens of the State of Oklahoma and had or have been employed by Defendants as a Truck Driver from three (3) years prior to the filing date of this Complaint up until this Oklahoma Class is finally certified by the Court, who have worked without being paid compensation at least twice each calendar month.

67.     Plaintiff seeks to represent all Truck Drivers who are citizens of the State of Oklahoma and as described above, on a class basis, alleges, among other things, OGWL violations, including Defendants' practice of failure to pay all wages due to their Oklahoma employees at least twice each calendar month. Defendants willfully violated the OGWL through their failure to properly pay Plaintiff and the Oklahoma Class the wages they were due at least twice each calendar month. Specifically, Defendants forced Plaintiff and the Oklahoma Class to work their paid shift(s) without pay. Defendants knew and have been aware at all times that Plaintiff and the Oklahoma Class were being required to work their paid shift(s), and yet failed to pay them their due compensation at least twice each calendar month.

68.     The Oklahoma Class, upon information and belief, consists of close to a

hundred individuals, and is thus so numerous that joinder of all members is impracticable.

69.     Furthermore, members of the Oklahoma Class seeking similar employment within the surface transportation industry, specifically with companies providing services to the USPS, may be reluctant to raise individual claims for fear of retaliation.

70.     There are questions of law and fact which are not only common to the Oklahoma Class, but which predominate over any questions affecting only individual members of the Oklahoma Class. The predominating common questions include, but are not limited to:

      a.   Did Defendants unlawfully fail to pay Truck Drivers compensation at least twice each calendar month;

      b.   Did Defendants' failure to pay Truck Drivers compensation of, at least, the legally mandated state minimum wage for all hours worked violate Oklahoma state law;

      c.   Did Defendants act willfully, intentionally, and maliciously in failing to pay compensation of, at least, the legally mandated state minimum wage for all hours worked;

      d.   Did Defendants' failure to timely and fully pay employees all wages owed violate the OGWL; and

      e.   Did Defendants' failure to pay employees all wages owed upon termination violate the OGWL.

71.     The prosecution of separate actions by individual members of the

Oklahoma Class would create a risk of establishing incompatible standards of conduct for Defendants within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

72.     The claims of Plaintiff are typical of the claims of each member of the Oklahoma Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

73.     Plaintiff will fairly and adequately protect the interests of the Oklahoma Class. Plaintiff has retained counsel experienced and competent in class actions and complex employment litigation.

74.     Plaintiff has no conflict of interest with the Oklahoma Class.

75.     Plaintiff is able to represent and protect the interest of the Oklahoma Class members fairly and adequately.

76.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Oklahoma Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the Oklahoma Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

77.     There are no unusual difficulties in the management of this case as a class action.

78.     The books and records of Defendants are material to Plaintiff's case as they disclose the rate of pay, hours worked, regularity of pay, and wages paid to members of the Oklahoma Class.

## COUNT I

### (INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT" or "FLSA"), 29 U.S.C. §§ 201, *ET SEQ.*
### FAILURE TO PAY FEDERAL MINIMUM WAGE
### (Plaintiff and Oklahoma FLSA Collective Action Class v. Corporate Defendants)

79.     Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

80.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

81.     Plaintiff, and others similarly situated, were "employees" covered by the FLSA, and Defendants were collectively and individually their "employer." Defendants, as Plaintiffs' employer, were and are obligated to pay Plaintiffs, and others similarly  situated, an hourly wage at least equal to that of the Federal  minimum wage, $7.25 per hour ("Federal Minimum Wage").

82.     As set forth above, Defendants forced their Truck Drivers to work specific pay periods without compensating them for any of the hours worked at their hourly rate of pay, thus refusing to pay these employees the mandated Federal  Minimum Wage of $7.25.

83.     The FLSA, along with related federal regulations, require an employer to compensate its employees at least minimum wage, currently $7.25 per hour, for all hours worked during any pay period.

84.     Based on Defendants' violations of the minimum wage provisions of the FLSA and related regulations, Defendants paid Plaintiff and others similarly situated substantially below the Federal Minimum Wage for certain hours  worked. Defendants' failure and refusal to pay Plaintiffs the Federal Minimum  Wage for all hours worked violates, *inter alia*, 29 U.S.C. §§ 206(a) and 215(a)(2).  Unpaid wages are, therefore, due and owing to Plaintiff and others similarly  situated in an amount to conform with the Federal Minimum Wage for all hours  worked.

85.     Defendants' failure and refusal to pay the Federal Minimum Wage was willful and malicious.

## PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Plaintiff, Joshua Pair, individually and on  behalf of all others similarly situated, and all those opting into this lawsuit,  respectfully requests that this Honorable Court enter Judgment in his favor and  against Defendants, POSTAL FLEET SERVICES, INC., THE STAGELINE  COMPANY, and VILANO  EMPLOYMENT SERVICES,  INC.,  jointly and severally, as follows:

A.     Designate this action as a collective action and class action on behalf of the proposed Oklahoma FLSA Collective Action Class and

a.   Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the Oklahoma FLSA  Collective  Action  Class, which  (a) apprises them of the pendency of this action, and (b) permits them to  assert timely Fair Labor Standards Act claims in this action by filing  individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

b.   Toll the statute of limitations on the claims of all members of the Oklahoma FLSA Collective Action Class from  the  date  the  original

complaint was filed until the members of the Oklahoma FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt in as Plaintiffs;

B.      Designate Plaintiff, Mr. Pair, as the representative of the Oklahoma FLSA Collective Action Class;

C.      Designate Plaintiff's chosen counsel as counsel for the Oklahoma FLSA Collective Action Class;

D.      Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Fair Labor Standards Act;

E.      Award back pay to Plaintiff and the members of the Oklahoma FLSA Collective Action Class, including a sum to compensate Plaintiff and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Plaintiff and the members of the Oklahoma FLSA Collective Action Class in the maximum amount available under the Fair Labor Standards Act;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiff and the members of the Oklahoma FLSA Collective Action Class;

H.      Award Plaintiff and the members of the Oklahoma FLSA Collective Action Class pre-judgment and post-judgment interest available under the Fair Labor Standards Act;

I.      Award Plaintiff and the members of the Oklahoma FLSA Collective Action Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT II

**(INDIVIDUAL AND CLASS ACTION CLAIMS)**

**VIOLATION OF THE OKLAHOMA GENERAL WAGE LAW, 40 O.S. §§165.1, *et seq*.**
**FAILURE TO PAY AT LEAST TWICE EACH CALENDAR MONTH**

**(Plaintiff and Oklahoma Class v. All Defendants)**

86.    Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

87.    Plaintiff and the members of the Oklahoma Class were "employees" and Defendants were each an "employer" covered by the OGWL. Pursuant to the provisions of the OGWL, Defendants were and are obligated to pay Plaintiff and members of the Oklahoma Class an hourly wage at least twice each calendar month on regular paydays designated in advance by the employer. 40 O.S. §165.2.

88.    As set forth above, Defendants, by their conduct, forced their Truck Drivers to work specific pay periods without compensating them for any of the hours worked, thus refusing to pay these employees at the regular intervals mandated by Oklahoma law.

89.    Thus, Defendants have not paid Plaintiff and the Oklahoma Class members at the intervals designated by Oklahoma law. Defendants' failures and refusals to pay Plaintiff and the Oklahoma Class at least twice each calendar month violates the OGWL. Unpaid wages are, therefore, due and owing to Plaintiff and the Oklahoma Class members.

90.    Defendants' failure and refusal to pay the on the designated paydays was willful, intentional, and not in good faith.

## PRAYER FOR RELIEF ON COUNT II

WHEREFORE, Plaintiff, Joshua Pair, individually and on behalf of all others similarly situated, and all those opting into this lawsuit who worked for Defendants

within the State of Oklahoma, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendants, POSTAL FLEET SERVICES, INC., THE STAGELINE COMPANY, VILANO EMPLOYMENT SERVICES, INC., DON DORRIS, LESLIE DORRIS, and BRENDA DORRIS, jointly and severally, as follows:

A.      Designate this action as a class action on behalf of the proposed Oklahoma Class;

B.      Designate Plaintiff, Mr. Pair, as representative of the Oklahoma Class;

C.      Designate Plaintiff's chosen counsel as counsel for the Oklahoma Class;

D.      Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the OGWL;

E.      Award back pay to Plaintiff and the members of the Oklahoma Class, including a sum to compensate Plaintiff and the members of the Oklahoma Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Plaintiff and the members of the Oklahoma Class in the maximum amount available under the OGWL;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiff and the members of the Oklahoma Class;

H.      Award Plaintiff and the members of the Oklahoma Class pre-judgment and post-judgment interest available under the OGWL;

I.      Award Plaintiff and the members of the Oklahoma Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT III

### BREACH OF CONTRACT
### (On Behalf of the Oklahoma Class)

93.      Defendants entered into valid and enforceable contracts with Plaintiff and

members of the Oklahoma Class.

94.     Defendants were to pay a specified hourly rate for  each hour worked.

95.     Plaintiff and members of the Oklahoma Class duly  performed as agreed.

96.     Defendants breached the contract by failing to pay Plaintiff and the Oklahoma Class any  wages during the relevant time period.

97.     In the alternative to the breach of contract class claims, Plaintiff asserts a quantum  meruit/unjust enrichment claim that he and each member of the Oklahoma Class provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that Class members expected to be compensated for their services furnished to Defendants.

98.     As a proximate and direct result of Defendants' breach of contracts with Plaintiff and Class members, Plaintiff and the Class members suffered damages as described in detail above.

## JURY DEMAND

Plaintiff and all members of the Oklahoma FLSA Collective Action Class and Oklahoma Class demand a trial by jury on all issues triable to a jury as a matter  of right.

Dated: July 29, 2021                    Respectfully submitted,

ATTORNEYS' LIEN CLAIMED            /s/ *William B. Federman*
                                    William B. Federman, OBA #2853
                                    Molly E. Brantley, OBA #33126
                                    **FEDERMAN & SHERWOOD**
                                    10205 N. Pennsylvania Ave.
                                    Oklahoma City, OK 73120
                                    Telephone:  (405) 235-1560
                                    Facsimile:  (405) 239-2112

wbf@federmanlaw.com
meb@federmanlaw.com

*Counsel for Plaintiff and the Putative Class*