## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**JOSHUA PAIR, individually and on**
 behalf of all others similarly situated**,**

     *Plaintiffs*,

**v.**                          **Case No. CIV-21-00759-C**

**POSTAL FLEET SERVICES, INC.,**
**THE STAGELINE COMPANY,**
**VILANO EMPLOYMENT**
**SERVICES, INC., DON DORRIS,**
**LESLIE DORRIS, and BRENDA**
 **DORRIS,**

     *Defendants*.

## DEFENDANTS' ANSWER AND
## AFFIRMATIVE AND OTHER DEFENSES
## TO THE COLLECTIVE AND CLASS ACTION COMPLAINT

Comes now Defendants, Postal Fleet Services, Inc. ("PFS"), The Stageline Company ("Stageline"), and Vilano Employment Services, Inc. ("Vilano") (hereinafter collectively "Defendants") by and through their undersigned counsel and pursuant to Rules 8 (b) and 12, Fed.R.Civ.P., respond to the allegations  and asserts their affirmative and other defenses in each corresponding paragraph of the Collective and Class Action Complaint (Doc. 1) (hereinafter the "Complaint"), and states as follows:

# I. ANSWER

## PARTIES

### A. Plaintiff

1.  Regarding the allegations in paragraph number 1 of the Complaint, Defendants admit that Pair provided truck driver services to Vilano and PFS, but is without knowledge or information sufficient to form a belief about the truth of the allegation that he is a citizen or resident of Oklahoma and accordingly denies same and denies the remaining allegations in paragraph number 1. Whether or not certain documents have been filed is a matter of record in the court file and does not require a response.

2.  Regarding the allegations in paragraph number 2 of the Complaint, Defendants admit Pair provided services to PFS and Vilano, but whether Pair and those allegedly similarly situated were "employees" or "engaged in commerce" for purposes of the Fair Labor Standards Act ("FLSA") is a legal matter for the court to determine. Defendants deny all allegations as it relates to the alleged similarly situated and all other allegations in paragraph number 2.

### B. Corporate Defendants

### Defendant Postal Fleet Services, Inc.

3.  PFS admits the allegations in paragraph number 3 of the Complaint.

4.  Regarding the allegations in paragraph number 4 of the Complaint, PFS admits it provided mail transport services to the United States Postal Service ("USPS") in Oklahoma and certain other states, but Defendants deny the remaining allegations in paragraph number 4.

5.   Regarding the allegations in paragraph number 5 of the Complaint, whether PFS is an "employer" within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

6.   Regarding the allegations in paragraph number 6 of the Complaint, Defendants admit that Pair provided services to PFS, but whether PFS is Pair's "employer" is a legal matter for the court to determine and accordingly Defendants deny same.

7.   Regarding the allegations in paragraph number 7 of the Complaint, whether PFS has been an "enterprise" within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

8.   Regarding the allegations in paragraph number 8 of the Complaint, whether PFS is an "enterprise", "engaged in commerce, or the production of goods for commerce", within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

9.   PFS admits the allegations in paragraph number 9 of the Complaint.

## Defendant The Stageline Company

10.   Regarding the allegations in paragraph number 10 of the Complaint, Stageline admits that it has a principal place of business in St. Augustine, Florida but Defendants deny the remaining allegations in paragraph number 10.

11. Regarding the allegations in paragraph number 11 of the Complaint, Stageline admits that it has operated as a provider to the USPS, in Oklahoma and other states. Defendants deny that PFS has a "corporate family" or that Stageline is part of such alleged family, and Defendants deny the remaining allegations in paragraph number 11.

12. Regarding the allegations in paragraph number 12 of the Complaint, whether Stageline is an "employer" within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

13. Regarding the allegations in paragraph number 13 of the Complaint, whether Stageline acted as Pair's "employer" is a legal matter for the court to determine. Defendants deny Pair provided any services to Stageline and deny the remaining allegations in paragraph number 12.

14. Regarding the allegations in paragraph number 14 of the Complaint, whether Stageline has been an "enterprise" within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

15. Regarding the allegations in paragraph number 15 of the Complaint, whether Stageline is an "enterprise", "engaged in commerce, or the production of goods for commerce", within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

16. Stageline admits the allegations in paragraph number 16 of the Complaint.

## Defendant Vilano Employment Services, Inc.

17. Defendants deny the allegations in paragraph number 17 of the Complaint.

18. Regarding the allegations in paragraph number 18 of the Complaint, Vilano admits that it provides staffing and payroll services to commercial trucking companies, including PFS and Stageline, but Defendants PFS has a "corporate family" or that Vilano is a part of such alleged family, and Defendants deny the remaining allegations in paragraph number 18.

19. Regarding the allegations in paragraph number 19 of the Complaint, whether Vilano is an "employer" within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

20. Regarding the allegations in paragraph number 20 of the Complaint, whether Vilano acted as Pair's "employer" is a legal matter for the court to determine and Defendants deny that and the remaining allegations in paragraph number 20.

21. Regarding the allegations in paragraph number 21 of the Complaint, Defendant Vilano admits that Pair gave a residence address of Oklahoma, but Defendant is without knowledge or information concerning whether Pair is a citizen of the state of Oklahoma, and accordingly denies same.

22. Regarding the allegations in paragraph number 22 of the Complaint, whether Vilano has been an "enterprise" within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

23. Regarding the allegations in paragraph number 23 of the Complaint, whether Vilano has been an "enterprise", "engaged in commerce, or the production of goods for commerce", within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

24. Vilano admits the allegations in paragraph number 24 of the Complaint.

### C. Individual Defendants

### Defendant Don Dorris

25. Regarding the allegations in paragraph number 25 of the Complaint, Defendants admit that Don Dorris (a/k/a L.D. Dorris and Leslie D. Dorris) is identified in the Annual

Report filed with the Florida Secretary of State as the President of PFS and admit he has a home in the state of Florida, but Defendants deny the remaining allegations in paragraph number 25.

26. Regarding the allegations in paragraph number 26 of the Complaint, whether Don Dorris is an "employer" within the meaning of the FLSA is a legal matter for the court to determine and accordingly Defendants deny same.

27. Regarding the allegations in paragraph number 27 of the Complaint, whether Don Dorris acted as Pair's "employer" is a legal matter for the court to determine and Defendants deny that and the remaining allegations in paragraph number 27.

## Defendant Leslie Dorris

28. Regarding the allegations in paragraph number 28 of the Complaint, Defendants admit that Leslie Dorris is identified in the Annual Report filed with the Florida Secretary of State as the President of Stageline and Vilano and admit he has a home in the state of Florida, but Defendants deny the remaining allegations in paragraph number 28.

29. Regarding the allegations in paragraph number 29 of the Complaint, whether Leslie Dorris acted as Pair's "employer" is a legal matter for the court to determine and Defendants deny that and the remaining allegations in paragraph number 29.

## Defendant Brenda Dorris

30. Regarding the allegations in paragraph number 30 of the Complaint, Defendants admit Brenda Dorris is identified in the Annual Report filed with the Florida Secretary of State as the Vice President of PFS, Vilano and Stageline, and admit she has a home in the state of Florida, but Defendants deny the remaining allegations in paragraph number 30.

31. Regarding the allegations in paragraph number 31 of the Complaint, whether Brenda Dorris acted as Pair's "employer" is a legal matter for the court to determine and Defendants deny that and the remaining allegations in paragraph number 31.

## JURISDICTION AND VENUE

32. Regarding the allegations in paragraph number 32 of the Complaint, the federal statutes cited speak for themselves. Defendants deny that this court has subject matter jurisdiction over the claims and deny the remaining allegations in paragraph number 32.

33. Regarding the allegations in paragraph number 33 of the Complaint, the federal statutes cited speak for themselves. Defendants deny that this court has subject matter over the claims and deny the remaining allegations in paragraph number 33.

34. Regarding the allegations in paragraph number 34 of the Complaint, the statute cited speaks for itself. Defendants deny that this court has subject matter and personal jurisdiction over the claims, and therefore venue would also be improper. Defendants deny the remaining allegations in paragraph number 34.

## BACKGROUND

35. Defendants deny the allegations in paragraph number 35 of the Complaint.

36. Defendants deny the allegations in paragraph number 36 of the Complaint.

37. Defendants deny the allegations in paragraph number 37 of the Complaint.

38. Regarding the allegations in paragraph number 38 of the Complaint, Pair has been paid the federal and state minimum wage for all hours. Defendants deny the remaining allegations in paragraph number 38 of the Complaint inasmuch the alleged "similarly situated truck drivers" and the "relevant time period" have not been specified.

39. Regarding the allegations in paragraph number 39 of the Complaint, whether Defendants acted as an "employer" to Pair and others within the meaning of 29 U.S.C. §203(d) is a legal matter for the court to determine and Defendants deny that and the remaining allegations in paragraph number 39.

40. Regarding the allegations in paragraph number 40 of the Complaint, whether Defendants "employed" Plaintiff and others is a legal matter for the court to determine and Defendants deny that and the remaining allegations in paragraph number 40.

41. Regarding the allegations in paragraph number 41 of the Complaint, the allegations are a characterization of what these laws mandate and these laws speak for themselves, and also have exemptions from their provisions, and accordingly Defendants deny these allegations.

42. Regarding the allegations in paragraph number 42 of the Complaint, Pair does not describe with particularity which truck drivers or alleged specific pay periods that persons worked and were not paid; accordingly, Pair has provided insufficient information for Defendants to formulate a response and accordingly Defendants deny the allegations in paragraph number 42.

43. Regarding the allegations in paragraph number 43 of the Complaint, PFS and Stageline notified certain drivers that the USPS recently made the unilateral decision to setoff amounts they claim to have over-advanced on Direct Route Optimization contracts against amounts otherwise due to PFS and Stageline. As a result of the USPS's non-payment, PFS and Stageline will be unable to fund the May 16 – 8, 2021 payroll under the HCR and CDS contracts which the USPS cancelled effective May 28, 2021. These same

drivers were told "we are preparing to sue the USPS for non-payment." Subsequent to this communication some drivers, including Pair, have been paid. Defendants deny the allegations in paragraph number 43 of the Complaint.

44. Regarding the allegations in paragraph number 44 of the Complaint, Defendants admit that Exhibit 2 to the Complaint correctly restates a portion of the language contained in Exhibit 2, but does not provide the full text of the communication.

45. Defendants deny the allegations in paragraph number 45 of the Complaint.

46. Defendants deny the allegations in paragraph number 46 of the Complaint.

47. Regarding the allegations in paragraph number 47 of the Complaint, Pair has been paid for May 16, 2021 through May 28, 2021. Regarding the remaining allegations in paragraph number 47, Defendant Stageline and PFS admit that not all Oklahoma drivers have been paid yet for the time period May 16, 2021 through May 28, 2021, but deny the remaining allegations in paragraph number 47.

## JOINT EMPLOYMENT ALLEGATIONS

48. Defendants deny the allegations in paragraph number 48 of the Complaint.

49. Defendants deny the allegations in paragraph number 49 of the Complaint.

50. Defendants deny the allegations in paragraph number 50 of the Complaint.

51. Defendants deny the allegations in paragraph number 51 of the Complaint.

52. Defendants deny the allegations in paragraph number 52 of the Complaint.

53. Defendants deny the allegations in paragraph number 53 of the Complaint.

54. Defendants deny the allegations in paragraph number 54 of the Complaint.

55. Defendants deny the allegations in paragraph number 55 of the Complaint.

56. Defendants deny the allegations in paragraph number 56 of the Complaint.

57. Defendants deny the allegations in paragraph number 57 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS FLSA

58. Defendants deny the allegations in paragraph number 58 of the Complaint.

59. Regarding the allegations in paragraph number 59 of the Complaint, Defendants incorporate by reference every response/answer in the previous paragraphs and denies the remaining allegations in paragraph 59.

60. Regarding the allegations in paragraph number 60 of the Complaint, Defendants deny Plaintiff is an appropriate collective action representative, deny that it is appropriate to bring this action as a collective action under the FLSA, assert that arbitration agreements otherwise preclude preceding collectively, and deny the remaining allegations in paragraph number 60.

61. Defendants deny the allegations in paragraph number 61 of the Complaint, deny Plaintiff is an appropriate collective action representative, deny that it is appropriate to bring this action as a collective action under the FLSA, assert that arbitration agreements otherwise preclude preceding collectively, and deny the remaining allegations in paragraph number 61.

62. Regarding the allegations in paragraph number 62 of the Complaint, Defendants deny Plaintiff is an appropriate collective action representative, deny that it is appropriate to bring this action as a collective action under the FLSA, assert that arbitration agreements otherwise preclude preceding collectively, and deny the remaining allegations in paragraph number 62.

63.   Regarding the allegations in paragraph number 63 of the Complaint, including subparts a through c, Defendants deny Plaintiff is an appropriate collective action representative, deny that it is appropriate to bring this action as a collective action under the FLSA, assert that arbitration agreements otherwise preclude preceding collectively, and deny the remaining allegations in paragraph number 63.

64.   Regarding the allegations in paragraph number 64 of the Complaint, Defendants deny Plaintiff is an appropriate collective action representative, deny that it is appropriate to bring this action as a collective action under the FLSA, assert that arbitration agreements otherwise preclude preceding collectively, and deny the remaining allegations in paragraph number 64.

65. Regarding the allegations in paragraph number 65 of the Complaint, Defendants deny Plaintiff is an appropriate collective action representative, deny that it is appropriate to bring this action as a collective action under the FLSA, assert that arbitration agreements otherwise preclude preceding collectively, and deny the remaining allegations in paragraph number 65.

## CLASS ACTION ALLEGATIONS OGWL

66. Regarding the allegations in paragraph number 66 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P.,   assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 66.

67.  Regarding the allegations in paragraph number 67 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 67.

68.  Regarding the allegations in paragraph number 68 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 68.

69.  Regarding the allegations in paragraph number 69 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., and assert that arbitration agreements otherwise preclude preceding as a class. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegation as to what individuals may fear, and accordingly denies same and the remaining allegations in paragraph 69.

70.  Regarding the allegations in paragraph number 70 subparts a through e of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 70.

71.   Regarding the allegations in paragraph number 71 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 71.

72.   Regarding the allegations in paragraph number 72 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 72.

73.   Regarding the allegations in paragraph number 73 of the Complaint, Defendants are without knowledge as to the experience and competency of Plaintiff's counsel and accordingly deny same. Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 73.

74. Regarding the allegations in paragraph number 74 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 74.

75. Regarding the allegations in paragraph number 75 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 75.

76. Regarding the allegations in paragraph number 76 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 76.

77. Regarding the allegations in paragraph number 77 of the Complaint, Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 77.

78. Regarding the allegations in paragraph number 78 of the Complaint, the corporate Defendants admit that they generally maintain books and records regarding rates of pay, hours worked, and wages paid for persons who provide services. Defendants deny Plaintiff is an appropriate class action representative, deny that it is appropriate to bring this action as a class action under Rule 23, Fed.R.Civ.P., assert that arbitration agreements otherwise preclude preceding as a class, and deny the remaining allegations in paragraph number 78.

## COUNT I - INDIVIDUAL AND COLLECTIVE FLSA

79.  Regarding the allegations in paragraph number 79 of the Complaint, Defendants incorporate by reference every answer/response to the previous paragraphs as if fully set forth herein.

80. Regarding the allegations in paragraph number 80 of the Complaint, Plaintiff asserts legal rights to be determined by the court and accordingly no response is necessary.

81. Regarding the allegations in paragraph number 81 of the Complaint, Plaintiffs' claims they are "employees," that Defendants are "employers" under the FLSA, and obligations owed to Plaintiffs, if any, under the FLSA are legal matters for the court to determine. Defendants deny all allegations as it relates to the alleged similarly situated and all other allegations in paragraph number 81.

82.  Defendants deny the allegations in paragraph number 82 of the Complaint.

83.  Regarding the allegations in paragraph number 83 of the Complaint, Defendants cite the FLSA which speaks for itself.

84.  Defendants deny the allegations in paragraph number 84 of the Complaint.

85.  Defendants deny the allegations in paragraph number 85 and deny that Plaintiff and any others are entitled to the remedies set forth in the Prayer for Relief on Count 1 subparts A through J following paragraph number 85 of the Complaint.

## COUNT II – INDIVIDUAL AND CLASS ACTION - OGWL

86.  Regarding the allegations in paragraph number 86 of the Complaint, Defendants reincorporate by reference every answer/response to the previous paragraphs as if fully set forth herein.

87. Regarding the allegations in paragraph number 87 of the Complaint, claims that Plaintiff and the Oklahoma Class are "employees," that Defendants are "employers" under the Oklahoma General Wage Law ("OGWL"), and obligations to these individuals, if any, under the OGWL are legal matters for the court to determine. Defendants deny all allegations as it relates to the alleged Oklahoma Class and all other allegations in paragraph number 87.

88. Defendants deny the allegations in paragraph number 88 of the Complaint.

89. Defendants deny the allegations in paragraph number 89 of the Complaint.

90. Defendants deny the allegations in paragraph number 90 and deny that Plaintiff and any others are entitled to the remedies requested in the Prayer for Relief on Count II subparts A through J following paragraph number 90 of the Complaint.

### COUNT III – BREACH OF CONTRACT – OKLAHOMA CLASS

91. There is no paragraph number 91 in the Complaint.

92. There is no paragraph number 92 in the Complaint.

93. Defendants deny the allegations in paragraph number 93 of the Complaint.

94. Defendants deny the allegations in paragraph number 94 of the Complaint.

95. Defendants deny the allegations in paragraph number 95 of the Complaint.

96. Regarding the allegations in paragraph number 96 of the Complaint, Defendants deny that Pair was not paid for the relevant time, but admit that not all members of the Oklahoma Class have been paid yet for the relevant time. Defendants deny the remaining allegations in paragraph number 96.

97. Defendants deny the allegations in paragraph number 97 of the Complaint.

98.  Defendants deny the allegations in paragraph number 98 of the Complaint.

99.  All allegations not specifically admitted herein are denied.

100.  Defendants deny that Plaintiffs and any FLSA Collective Action Class and Oklahoma Class are entitled to a jury trial.

## II. AFFIRMATIVE & OTHER DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff and any future individuals that subsequently join in this action (hereinafter Plaintiffs), Defendants assert the following defenses:

1.  Plaintiffs' claims are subject to dismissal because this court lacks personal jurisdiction over Defendants.

2.  Plaintiffs' claims are subject to dismissal because this court lacks subject matter jurisdiction over Defendants.

3.  Plaintiffs' claims are subject to dismissal because there has been insufficient service of process.

4.  Plaintiffs failed to state a claim upon which relief can be granted and has failed to state a cause of action.

5.  Some or all of Plaintiffs' claims are subject to an arbitration agreement which forecloses having their claims resolved by a court, a jury trial, and forecloses bringing a collective or class action.

6.  Some or all of Plaintiffs' claims are subject to dismissal because they fail to state a collective or class action upon which relief can be granted.

7.  Some or all of Plaintiffs' claims are barred by the statute of limitations.

8.  Plaintiffs' claims under the Fair Labor Standard Act of 1938, as amended, are barred because Plaintiffs cannot establish that Defendants were their "employer" as the term is defined in 29 U.S.C. §203(d), Wage and Hour Interpretative Bulletins and Regulations, Wage and Hour Administrator's Opinions, case law, and Wage and Hour Division past practice, under the Fair Labor Standards Act of 1938, as amended.

9.  Plaintiffs' claims under the state law statutes are barred to the extent Plaintiffs cannot establish that they were "employees" of Defendants.

10.  Plaintiffs' claims under various state law statutes are barred to the extent Plaintiffs cannot establish that Defendants were their "employer."

11.  Plaintiffs' claim for a collective action and class action are barred because Pair and the other potential Plaintiffs are not suitable collective or class action representatives under applicable law.

12.  Plaintiffs lack standing to bring this action as a collective or class action.

13.  Pair's claim for a collective and class action fails because Pair cannot establish that any other individuals are similarly situated to Pair. Moreover, individual claims will predominate over any general issues affecting the purported collective. Therefore, a collective action and class action is inappropriate under the circumstances.

14.  Plaintiffs' claims are barred to the extent that the exemptions, exclusions, exceptions, or credits provided in §7 of the FLSA, 29 U.S.C. §207 and/or §13 of the FLSA, 29 U.S.C. §213 apply to their claims.

15. Assuming, for *arguendo* purposes only, any liability is associated with this action, Plaintiffs' claims are barred on the grounds that they were paid in full for all wages/compensation due and owing.

16. Some or all of Plaintiffs' claims for wages/compensation are barred by Plaintiffs' failure to comply with applicable employment policies, procedures, and practices, including but expressly not limited to any failure to record all hours worked.

17. Plaintiffs' claims are barred by unclean hands to the extent there has been any intentional falsification of company records reflecting hours worked.

18. Plaintiffs' claims are barred by estoppel.

19. Assuming, for *arguendo* purposes only, any liability is associated with this action, any acts or omissions complained of were not willful, as Defendants neither knew, nor showed reckless disregard for the matter of whether, their conduct was prohibited by the FLSA or any state laws. Any claims occurring more than two years before the filing of this lawsuit are barred by the statute of limitations. 29 U.S.C. §255.

20. Assuming, for *arguendo* purposes only, any liability is associated with this action, the acts or omissions complained of, if any, were in good faith, not willful, and Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the FLSA or any state laws. An award of liquidated damages or other penalties is inappropriate in this action under state and federal law. 29 U.S.C. §260.

21. Assuming, for *arguendo* purposes only, any liability is associated with this action, the acts or omissions complained of, if any, were in good faith in conformity with and reliance upon administrative regulations, orders, rulings, approvals and interpretations of

the Wage-Hour Administrator of the Wage and Hour Division, U.S. Department of Labor, or other administrative practices and enforcement policies of the agency. Plaintiffs are not entitled to relief under federal or state law.  29 U.S.C. §259.

22.  Plaintiffs have received all amounts due, having already been paid in full for all amounts owed, for all services rendered as reflected in each paycheck or other payment that was prepared and accepted for each pay period in full accord and satisfaction for services rendered.

23.  Plaintiffs' claims are barred to the extent there has been any prior waiver and release.

24.  Plaintiffs have failed to mitigate any alleged damages, if any, as required by law by, *inter alia,* failing to exercise reasonable diligence to make accurate and correct entries on their timecards reflecting all alleged hours worked.

25.  Plaintiffs have failed to mitigate any alleged damages, if any, as required by law, to the extent that they have fraudulently completed their time records by not accurately recording all hours worked.

26. To the extent Plaintiffs deliberately prevented Defendants from acquiring knowledge of hours worked, including but not limited to failure to keep and/or falsification of timecards, any alleged damages are barred.

27.  Assuming, for *arguendo* purposes only, any liability is associated with this action, Defendants are entitled to a set off from any damages that may be awarded in this case from all payments to Plaintiffs to which they were not otherwise entitled or was overpaid.

28. Plaintiffs' claims are barred because of Plaintiffs' failure to satisfy the requirements in 29 U.S.C. §216, including but not limited to entering a consent to join this action.

29. Plaintiffs' claims are barred with respect to activities that are non-compensable in that they are preliminary or postliminary to their principal activities. 29 U.S.C. §254.

30. Plaintiffs' claims are barred to the extent the alleged unpaid time constituted insubstantial or insignificant (*de minimus*) periods of time.

31. Some of Plaintiffs' claims may be barred by the doctrine of *res judicata.*

32. Plaintiffs' claims are barred to the extent that the Secretary of Labor (through an authorized representative) or the appropriate state agency has already initiated an action to recover the same amounts sought herein for any alleged affected individuals. 29 U.S.C. §216(b).

33. Plaintiffs' claims are barred to the extent Plaintiffs have elected an alternative remedy or forum to bring their claim.

34. Plaintiffs' contract claims are barred due to lack of formation of a contract.

35. Plaintiffs' claims are barred by laches.

36. Plaintiffs' claims are barred by the statute of frauds.

37. Plaintiffs' contract claims are barred due to impossibility.

38. Plaintiffs' state law and contract claims are barred due to preemption.

39. Defendants reserve the right to raise any additional defenses, claims, counterclaims, and/or causes of action that may become appropriate based upon investigation or that may be discovered during these proceedings.

## III. DEFENDANTS' PRAYER

Defendants pray that the Collective and Class Action Complaint be dismissed with prejudice, Plaintiff(s) take nothing by this action, that a Final Judgment be entered in Defendants' favor, and that Defendants recover all costs including legal fees incurred in the defense of this action and all other relief to which Defendants are entitled.

Respectfully submitted this 23st day of November 2021.

Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**


*/s/Elaine R. Turner*
Elaine R. Turner, OBA #13082
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: eturner@hallestill.com

And

*/s/ Joann M. Bricker*
Joann M. Bricker
*Pro Hac Vice Pending*
Florida Bar No. 338710
Joann M. Bricker, P.A.
135 Pelican Pointe Road
Ponte Vedra, Florida 32081
Telephone: (904) 342-2417
jbricker-employlaw@comcast.net
**ATTORNEYS FOR
DEFENDANTS, POSTAL FLEET
SERVICES, INC., THE STAGELINE
COMPANY, AND VILANO
EMPLOYMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

William B. Federman
Molly E. Brantley
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
meb@federmanlaw.com
***Attorneys for Plaintiff***

_____ s/Elaine R. Turner

2502800.1:009846.00001