**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSHUA PAIR and WILLIAM GARNER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No.: CIV-21-759-C |
| POSTAL FLEET SERVICES, INC., THE STAGELINE COMPANY, and VILANO EMPLOYMENT SERVICES, INC., | **JURY TRIAL DEMANDED** |
| and | |
| LESLIE DORRIS and BRENDA DORRIS, | |
| Defendants. | |

## COLLECTIVE AND CLASS ACTION FIRST AMENDED COMPLAINT

Plaintiff, Joshua Pair ("Mr. Pair" or "Plaintiff Pair"), and Plaintiff William Garner ("Mr. Garner" or "Plaintiff Garner") (collectively, "Plaintiffs"), each individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby files this Collective and Class Action First Amended Complaint ("Amended Complaint") against POSTAL FLEET SERVICES, INC. ("PFS"), THE STAGELINE COMPANY ("Stageline"), VILANO EMPLOYMENT SERVICES, INC. ("Vilano," and collectively with PFS and Stageline, referred to herein as "Corporate Defendants"), and LESLIE DORRIS and BRENDA DORRIS ("Individual Defendants," and collectively with the Corporate Defendants, referred to herein as

1

"Defendants"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") as follows:

**PARTIES**

      **A.**      **Plaintiffs**

1.      Mr. Pair was employed as a Truck Driver for Defendants until on or about May 28, 2021. Mr. Pair is a citizen of the State of Oklahoma and resides in Noble, Oklahoma, which is in this District. Mr. Pair's Consent to Join the collective action aspect of this lawsuit is attached to the Amended Complaint as **Exhibit 1**.

2.      Mr. Garner was employed as a Truck Driver for Defendants until on or about May 28, 2021. Mr. Garner is a citizen of the State of Oklahoma and resides in Foyil, Oklahoma. Mr. Garner's Consent to Join the collective action aspect of this lawsuit is attached to the Amended Complaint as **Exhibit 2**.

3.      At all times relevant to this Amended Complaint, Mr. Pair, Mr. Garner, and all those similarly situated, were "employees" of Defendants for purposes of the FLSA and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

      **B.**      **Corporate Defendants**

      *Defendant Postal Fleet Services, Inc.*

4.      PFS is a corporation formed under the laws of the State of Delaware, with corporate headquarters at 2808 North Fifth Street, Suite 501, St. Augustine, St. Johns County, Florida.

5.     At all times relevant to this Amended Complaint, PFS operated as a surface transportation provider for the United States Postal Service ("USPS") throughout several states, including Oklahoma.

6.     At all times relevant to this Amended Complaint, PFS has been an employer within the meaning of the FLSA.

7.     At all times relevant to this Amended Complaint, PFS acted as the employer of Mr. Pair.

8.     At all times relevant to this Amended Complaint, PFS acted as the employer of Mr. Garner.

9.     At all times relevant to this Amended Complaint, PFS knew that Mr. Pair was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

10.     At all times relevant to this Amended Complaint, PFS knew that Mr. Garner was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

11.     At all times relevant to this Amended Complaint, PFS has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12.     At all times relevant to this Amended Complaint, PFS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

13.     PFS has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

*Defendant The Stageline Company*

14.     Stageline is a corporation formed under the laws of the State of Florida, with headquarters at 2808 North Fifth Street, Suite 504, St. Augustine, St. Johns County, Florida.

15.     At all times relevant to this Amended Complaint, Stageline, as part of PFS's corporate family, operated as a surface transportation provider for the United States Postal Service in several states, including Oklahoma.

16.     At all times relevant to this Amended Complaint, Stageline has been an employer within the meaning of the FLSA.

17.     At all times relevant to this Amended Complaint, Stageline acted as the employer of Mr. Pair.

18.     At all times relevant to this Amended Complaint, Stageline acted as the employer of Mr. Garner.

19.     At all times relevant to this Amended Complaint, Stageline knew that Mr. Pair was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

20.     At all times relevant to this Amended Complaint, Stageline knew that Mr. Garner was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

21.     At all times relevant to this Amended Complaint, Stageline has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

22.     At all times relevant to this Amended Complaint, Stageline has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. §

203(s)(1).

23.     Stageline has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

**Defendant Vilano Employment Services, Inc.**

24.     Vilano is a corporation formed under the laws of the State of Florida, with headquarters at 2808 North Fifth Street, Suite 501, St. Augustine, St. Johns County, Florida.

25.     At all times relevant to this Amended Complaint, Vilano, as part of PFS's corporate family, operated as a staffing and payroll service provider for commercial trucking companies, including PFS and Stageline.

26.     At all times relevant to this Amended Complaint, Vilano has been an employer within the meaning of the FLSA.

27.     At all times relevant to this Amended Complaint, Vilano acted as the employer of Mr. Pair.

28.     At all times relevant to this Amended Complaint, Vilano acted as the employer of Mr. Garner.

29.     At all times relevant to this Amended Complaint, Vilano knew that Mr. Pair was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

30.     At all times relevant to this Amended Complaint, Vilano knew that Mr. Garner was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

31.     At all times relevant to this Amended Complaint, Vilano has been an

enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

32.     At all times relevant to this Amended Complaint, Vilano has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

33.     Vilano has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

### C.     Individual Defendants

*Defendant Leslie Dorris*

34.     Leslie Dorris, upon information and belief, is the President of PFS, Stageline, and Vilano, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

35.     At all times relevant to this Amended Complaint, Leslie Dorris has been an employer within the meaning of the FLSA.

36.     At all times relevant to this Amended Complaint, Leslie Dorris acted as the employer of Mr. Pair.

37.     At all times relevant to this Amended Complaint, Leslie Dorris acted as the employer of Mr. Garner.

38.     At all times relevant to this Amended Complaint, Leslie Dorris knew that Mr. Pair was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

39.     At all times relevant to this Amended Complaint, Leslie Dorris knew that Mr. Garner was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

### *Defendant Brenda Dorris*

40.     Brenda Dorris, upon information and belief, is the Vice President of each of the Corporate Defendants, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

41.     At all times relevant to this Amended Complaint, Brenda Dorris acted as the employer of Mr. Pair.

42.     At all times relevant to this Amended Complaint, Brenda Dorris acted as the employer of Mr. Garner.

43.     At all times relevant to this Amended Complaint, Brenda Dorris knew that Mr. Pair was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

44.     At all times relevant to this Amended Complaint, Brenda Dorris knew that Mr. Garner was a citizen of the state of Oklahoma and was working for it while in Oklahoma.

## **JURISDICTION AND VENUE**

45.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

46.     Under 28 U.S.C. § 1367, this Court also has jurisdiction over Plaintiffs' state law claims because the state claims are so related to the FLSA claims as to form part of the same case or controversy. Additionally, jurisdiction over Plaintiffs' state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because of diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

47.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District. Further, Defendants regularly transact substantial business within this District.

## **BACKGROUND**

48.     Defendants own and operate fleets of trucks, jeeps and other vehicles for providing dedicated surface transportation services for the USPS, among others.

49.     Defendants employ truck drivers and mail carriers such as Plaintiffs and members of the putative classes.

50.     Plaintiffs and members of the putative classes were each hired by Defendants and contracted to work for Defendants in exchange for an hourly rate of pay.

51.     Plaintiffs and all other similarly situated Truck Drivers who work or worked for Defendants were not paid the mandated federal and state minimum hourly wage during the relevant time period.

52.     Defendants have been the "employer" of Plaintiffs and those similarly

situated within the meaning of 29 U.S.C. § 203(d) during all times material to this Amended Complaint.

53.     Defendants employed Plaintiffs and those similarly situated and were responsible for setting and administering wage and compensation policies related to them during the relevant period of time in question.

54.     The FLSA, along with related federal and state regulations, require an employer to compensate its employees at least minimum wage for all hours worked during any pay period.

55.     Defendants required its Truck Drivers to work specific pay periods without compensating them for any of the hours worked at their hourly rate of pay, thus refusing to pay these employees the mandated federal and state minimum wage.

56.     Defendants informed Mr. Pair, Mr. Garner, and their other former Truck Drivers via e-mail on or about June 14, 2021, that due to the contracts being terminated, they would not have money to pay them for any of the hours they worked during their final pay period with Defendants.

57.     The email, attached as **Exhibit 3**, states:

> As some of you may have heard, Postal Fleet Services, Inc. ("PFS") and The Stageline Company ("Stageline") have an ongoing dispute with the United States Postal Service (the "USPS"). The USPS recently made the unilateral decision to setoff amounts they claim to have over-advanced on Direct Route Optimization contracts against amounts otherwise due to PFS and Stageline. As a result of the USPS's nonpayment, PFS and Stageline will be unable to fund the May 16-28, 2021 payroll under the HCR and CDS contracts which the USPS cancelled effective May 28, 2021. We are preparing to sue the USPS for non-payment. Unfortunately, it will likely take

many months to resolve that claim. We apologize for the hardship we know this will cause.

58.     Defendants knew and were aware of their violations of the applicable laws regarding their obligation to pay the mandated federal and state minimum wage and failure to pay twice each calendar month. As such, Defendants' violations of the applicable laws are willful and malicious.

59.     The decisions regarding the compensation of Plaintiffs and other members of the classes, and other terms of employment, were made through Defendants' centralized management, under the direction and control of their executives, officers and human resources personnel, including Leslie Dorris and Brenda Dorris.

60.     Defendants have refused to pay Plaintiffs and other similarly situated workers any compensation for the pay period beginning May 16, 2021 through May 28, 2021 (the "relevant time period"). Accordingly, Defendants have refused to pay Plaintiffs and the putative classes wages for work performed during that time period. Specifically, Defendants have directed Plaintiffs and members of the putative classes to perform work for Defendants during the relevant time period and then refused to pay them.

## JOINT-EMPLOYMENT ALLEGATIONS

61.     At all relevant times, PFS and its corporate family operated closely and associated with one another to own, operate and manage each of the Corporate Defendants.

62.     At all relevant times, PFS and its corporate family has been organized and operated in a consolidated way so that it can effectively provide consistent surface

transportation and related services throughout the United States, including Oklahoma.

63.     PFS and its corporate family, although created as separate legal entities, are indistinguishable from one another as a consolidated surface transportation enterprise jointly responsible for the day-to-day operations of thousands of motor carriers and their cargo.

64.     This consolidated operation includes, but is not limited to, common policies and systems with regard to its employment practices such as job descriptions and classifications, hiring, promotions and termination, setting salaries, rates of pay, and other compensation decisions, timekeeping and payroll data collection, and issuing payroll checks.

65.     This consolidated operation is based in St Augustine, Florida, where each entity of the corporate family shares a single location for each of its corporate headquarters.

66.     Similarly, the corporate executives of PFS and its corporate family are intertwined and overlap to further ensure the consistency required and necessary to operate its surface transportation enterprise.

67.     At all times relevant to this Amended Complaint, PFS and its corporate family jointly employed Plaintiffs and the similarly situated employees evidenced by their shared involvement in the terms of their employment and compensation.

68.     At all relevant times, PFS and its corporate family operated as a single entity for purposes of the wage and hour allegations set forth herein, having the effect that the unlawful conduct of each entity in PFS's corporate family is imputed to the other,

therefore satisfying the applicable standards of joint employers within the meaning of the FLSA.

69.     At all relevant times, PFS and its corporate family consolidated their decision-making with regard to the wage and hour allegations set forth herein, and collectively controlled and implemented policies that resulted in a failure to pay wages in violation of the FLSA.

70.     Accordingly, PFS and its corporate family engaged in joint employment practices with regard to Plaintiffs and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

71.     Defendants have engaged in systemic wage and hour violations against their Truck Driver employees. Defendants have caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

72.     Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by Truck Drivers employed to drive Defendants' motor carriers and cargo.

73.     Plaintiffs brings Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective Action Class ("FLSA Collective Action Class). The FLSA Collective Action Class is defined as follows:

> All individuals within the United States of America who are or have been employed by Defendants as a Truck Driver from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court who have worked without being paid compensation of, at least, the federal minimum wage during any pay period.

74.     Plaintiffs seek to represent all Truck Drivers who are located within the United States of America, as described above, on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record and pay the federal minimum wage for all hours worked. Defendants willfully violated the FLSA through their failure to properly pay the Plaintiffs and FLSA Collective Action Class the federal minimum wage for all of the hours they have worked. Specifically, Defendants forced the Plaintiffs and FLSA Collective Action Class to work their paid shift(s) without pay. Defendants knew and have been aware at all times that the Plaintiffs and FLSA Collective Action Class were being required to work their paid shift(s), and yet failed to pay them compensation of, at least, the legally mandated federal minimum wage for these hours worked.

75.     The number and identity of other plaintiffs who have yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

76.     Questions of law and fact common to the Plaintiffs and FLSA Collective Action Class include but are not limited to the following:

a.  Whether Defendants unlawfully failed to pay Truck Drivers compensation of, at least, the legally mandated federal minimum wage for all hours worked;

b.  Whether Defendants' policy, practice, or procedure of failing to compensate Truck Drivers of, at least, the legally mandated federal minimum wage for all hours worked violates the applicable provisions of the FLSA; and

c.  Whether Defendants' failure to compensate Truck Drivers of, at least, the legally mandated federal minimum wage for all hours worked was willful within the meaning of the FLSA.

77.     Plaintiffs' FLSA claims may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Plaintiffs are similarly situated to the other Truck Driver employees described in the FLSA Collective Action Class. Plaintiffs' claims are similar to the claims asserted by the FLSA Collective Action Class.

78.     Plaintiffs and the FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendants' common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages, of at least, the mandated federal minimum wage for all work performed.

## CLASS ACTION ALLEGATIONS UNDER THE OKLAHOMA GENERAL WAGE LAW, 40 O.S. §§165.1, *et seq.* (the "OGWL")

79.     Plaintiffs bring Count II for violations of the OGWL as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all members of the Oklahoma Class (the "Oklahoma Class"). The Oklahoma Class is defined as follows:

> All individuals who are citizens of the State of Oklahoma and had or have been employed by Defendants as a Truck Driver from three (3) years prior to the filing date of this Complaint up until this Oklahoma Class is finally certified by the Court, who have worked without being paid compensation at least twice each calendar month.

80.     Plaintiffs seek to represent all Truck Drivers who are citizens of the State of Oklahoma and as described above, on a class basis, alleges, among other things, OGWL violations, including Defendants' practice of failure to pay all wages due to their Oklahoma employees at least twice each calendar month. Defendants willfully violated the OGWL through their failure to properly pay Plaintiffs and the Oklahoma Class the wages they were due at least twice each calendar month. Specifically, Defendants forced Plaintiffs and the Oklahoma Class to work their paid shift(s) without pay. Defendants knew and have been aware at all times that Plaintiffs and the Oklahoma Class were being required to work their paid shift(s), and yet failed to pay them their due compensation at least twice each calendar month.

81.     The Oklahoma Class, upon information and belief, consists of close to a hundred individuals, and is thus so numerous that joinder of all members is impracticable.

82.     Furthermore, members of the Oklahoma Class seeking similar employment within the surface transportation industry, specifically with companies

providing services to the USPS, may be reluctant to raise individual claims for fear of retaliation.

83.     There are questions of law and fact which are not only common to the Oklahoma Class, but which predominate over any questions affecting only individual members of the Oklahoma Class. The predominating common questions include, but are not limited to:

    a. Did Defendants unlawfully fail to pay Truck Drivers compensation at least twice each calendar month;

    b. Did Defendants' failure to pay Truck Drivers compensation of, at least, the legally mandated state minimum wage for all hours worked violate Oklahoma state law;

    c. Did Defendants act willfully, intentionally, and maliciously in failing to pay compensation of, at least, the legally mandated state minimum wage for all hours worked;

    d. Did Defendants' failure to timely and fully pay employees all wages owed violate the OGWL; and

    e. Did Defendants' failure to pay employees all wages owed upon termination violate the OGWL.

84.     The prosecution of separate actions by individual members of the Oklahoma Class would create a risk of establishing incompatible standards of conduct for Defendants within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

85.     The claims of Plaintiffs are typical of the claims of each member of the

Oklahoma Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

86.     Plaintiffs will fairly and adequately protect the interests of the Oklahoma Class. Plaintiffs have retained counsel experienced and competent in class actions and complex employment litigation.

87.     Plaintiffs have no conflict of interest with the Oklahoma Class.

88.     Plaintiffs are able to represent and protect the interest of the Oklahoma Class members fairly and adequately.

89.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Oklahoma Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the Oklahoma Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

90.     There are no unusual difficulties in the management of this case as a class action.

91.     The books and records of Defendants are material to Plaintiffs' case as they disclose the rate of pay, hours worked, regularity of pay, and wages paid to members of the Oklahoma Class.

# COUNT I

### (INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT" or "FLSA"), 29 U.S.C. §§ 201, *ET SEQ.*
### FAILURE TO PAY FEDERAL MINIMUM WAGE
### (Plaintiffs and FLSA Collective Action Class v. Corporate Defendants)

92. Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

93. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

94. Plaintiffs, and others similarly situated, were "employees" covered by the FLSA, and Defendants were collectively and individually their "employer." Defendants, as Plaintiffs' employer, were and are obligated to pay Plaintiffs, and others similarly situated, an hourly wage at least equal to that of the Federal minimum wage, $7.25 per hour ("Federal Minimum Wage").

95. As set forth above, Defendants forced their Truck Drivers to work specific pay periods without compensating them for any of the hours worked at their hourly rate of pay, thus refusing to pay these employees the mandated Federal Minimum Wage of $7.25.

96. The FLSA, along with related federal regulations, require an employer to compensate its employees at least minimum wage, currently $7.25 per hour, for all hours worked during any pay period.

97. Based on Defendants' violations of the minimum wage provisions of the

FLSA and related regulations, Defendants paid Plaintiffs and others similarly situated substantially below the Federal Minimum Wage for certain hours worked. Defendants' failure and refusal to pay Plaintiffs the Federal Minimum Wage for all hours worked violates, *inter alia*, 29 U.S.C. §§ 206(a) and 215(a)(2). Unpaid wages are, therefore, due and owing to Plaintiff and others similarly situated in an amount to conform with the Federal Minimum Wage for all hours worked.

98.     Defendants' failure and refusal to pay the Federal Minimum Wage was willful and malicious.

### PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Plaintiff, Joshua Pair, and Plaintiff William Garner, each individually and on behalf of all others similarly situated, and all those opting into this lawsuit, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendants, POSTAL FLEET SERVICES, INC., THE STAGELINE COMPANY, and VILANO EMPLOYMENT SERVICES, INC., jointly and severally, as follows:

A.     Designate this action as a collective action and class action on behalf of the proposed FLSA Collective Action Class and

a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely Fair Labor Standards Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

b. Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are

provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt in as Plaintiffs;

B. Designate Plaintiff, Mr. Pair and Mr. Garner as the representatives of the FLSA Collective Action Class;

C. Designate Plaintiffs' chosen counsel as counsel for the FLSA Collective Action Class;

D. Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Fair Labor Standards Act;

E. Award back pay to Plaintiffs and the members of the FLSA Collective Action Class, including a sum to compensate Plaintiffs and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Plaintiffs and the members of the FLSA Collective Action Class in the maximum amount available under the Fair Labor Standards Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiffs and the members of the FLSA Collective Action Class;

H. Award Plaintiffs and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the Fair Labor Standards Act;

I. Award Plaintiffs and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J. Award any additional relief that this Court deems just and proper.

## COUNT II

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

### VIOLATION OF THE OKLAHOMA GENERAL WAGE LAW,
### 40 O.S. §§165.1, *et seq.*
### FAILURE TO PAY AT LEAST TWICE EACH CALENDAR MONTH
### (Plaintiffs and Oklahoma Class v. All Defendants)

99.     Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

100.    Plaintiffs and the members of the Oklahoma Class were "employees" and Defendants were each an "employer" covered by the OGWL. Pursuant to the provisions of the OGWL, Defendants were and are obligated to pay Plaintiffs and members of the Oklahoma Class an hourly wage at least twice each calendar month on regular paydays designated in advance by the employer. 40 O.S. §165.2.

101.    As set forth above, Defendants, by their conduct, forced their Truck Drivers to work specific pay periods without compensating them for any of the hours worked, thus refusing to pay these employees at the regular intervals mandated by Oklahoma law.

102.    Thus, Defendants have not paid Plaintiffs and the Oklahoma Class members at the intervals designated by Oklahoma law. Defendants' failures and refusals to pay Plaintiffs and the Oklahoma Class at least twice each calendar month violates the OGWL. Unpaid wages are, therefore, due and owing to Plaintiffs and the Oklahoma Class members.

103.    Defendants' failure and refusal to pay the on the designated paydays was willful, intentional, and not in good faith.

## PRAYER FOR RELIEF ON COUNT II

WHEREFORE, Plaintiff, Joshua Pair, and Plaintiff William Garner, each individually and on behalf of all others similarly situated, and all those opting into this lawsuit who worked for Defendants within the State of Oklahoma, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, POSTAL FLEET SERVICES, INC., THE STAGELINE COMPANY, VILANO EMPLOYMENT SERVICES, INC., LESLIE DORRIS and BRENDA DORRIS, jointly and severally, as follows:

A.      Designate this action as a class action on behalf of the proposed Oklahoma Class;

B.      Designate Plaintiff, Mr. Pair and Mr. Garner, as representatives of the Oklahoma Class;

C.      Designate Plaintiffs' chosen counsel as counsel for the Oklahoma Class;

D.      Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the OGWL;

E.      Award back pay to Plaintiffs and the members of the Oklahoma Class, including a sum to compensate Plaintiffs and the members of the Oklahoma Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Plaintiffs and the members of the Oklahoma Class in the maximum amount available under the OGWL;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiffs and the members of the Oklahoma Class;

H.      Award Plaintiffs and the members of the Oklahoma Class pre-judgment and post-judgment interest available under the OGWL;

I.       Award Plaintiffs and the members of the Oklahoma Class any other appropriate equitable relief; and

J.       Award any additional relief that this Court deems just and proper.

## COUNT III

### BREACH OF CONTRACT
### (On Behalf of the Oklahoma Class)

93.     Defendants entered into valid and enforceable contracts with Plaintiffs and members of the Oklahoma Class.

94.     Defendants were to pay a specified hourly rate for each hour worked.

95.     Plaintiffs and members of the Oklahoma Class duly performed as agreed.

96.     Defendants breached the contract by failing to pay Plaintiffs and the Oklahoma Class any wages during the relevant time period.

97.     In the alternative to the breach of contract class claims, Plaintiffs asserts a quantum meruit/unjust enrichment claim that he and each member of the Oklahoma Class provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that Class members expected to be compensated for their services furnished to Defendants.

98.     As a proximate and direct result of Defendants' breach of contracts with Plaintiffs and Class members, Plaintiffs and the Class members suffered damages as described in detail above.

**JURY DEMAND**

Plaintiffs and all members of the FLSA Collective Action Class and Oklahoma Class demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: November 24, 2021    Respectfully submitted,

ATTORNEYS' LIEN CLAIMED  /s/ *William B. Federman*
            William B. Federman, OBA #2853
            Molly E. Brantley, OBA #33126
            D. Colby Addison, OBA #32718
            **FEDERMAN & SHERWOOD**
            10205 N. Pennsylvania Ave.
            Oklahoma City, OK 73120
            Telephone: (405) 235-1560
            Facsimile: (405) 239-2112
            wbf@federmanlaw.com
            meb@federmanlaw.com
            dca@federmanlaw.com

            *Counsel for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the court's electronic filing system to all counsel of record.

            /s/ *William B. Federman*