## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSHUA PAIR et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-759-G** |
| | ) | |
| **POSTAL FLEET SERVICES, INC.** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

The Court held a telephonic status conference in this matter on July 5, 2023. The parties requested that the Court enter an order transferring this action to the United States District Court for the Middle District of Florida where two related cases are pending. For the reasons below, the Court finds there is good cause to grant the parties' request and hereby TRANSFERS this matter to the United States District Court for the Middle District of Florida.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The decision regarding whether to transfer an action is in the discretion of the district court. *See William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972). Section 1404(a) "does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there," however. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509,

1515 (10th Cir. 1991).  In determining whether to transfer an action under Section 1404(a),

the Court considers the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other
> sources of proof, including the availability of compulsory process to insure
> attendance of witnesses; the cost of making the necessary proof; questions as
> to the enforceability of a judgment if one is obtained; relative advantages and
> obstacles to a fair trial; difficulties that may arise from congested dockets;
> the possibility of the existence of questions arising in the area of conflict of
> laws; the advantage of having a local court determine questions of local law;
> and, all other considerations of a practical nature that make a trial easy,
> expeditious and economical.

*Id.* at 1516 (internal quotation marks omitted).

The parties' requested venue—the United States District Court for the Middle

District of Florida—is a venue where this action might have been brought and where the

parties have consented to have this matter heard.  *See* 28 U.S.C. § 1404(a); Doc. No. 41 at

2.  Further, personal jurisdiction exists over the defendants in the requested venue because

all defendants are domiciled in the State of Florida.  S*ee* Am. Compl. (Doc. No. 17) at ¶¶

4-44.  Finally, having considered the relevant factors, the Court concludes that they weigh

in favor of transfer.  Specifically, the parties have jointly requested this transfer, and the

transfer of this matter to the venue where related cases are pending would further judicial

economy.

For these reasons, the Court finds that the convenience of the parties and the

interests of justice favor transfer to the United States District Court for the Middle District

of Florida.  The Court therefore GRANTS the parties' request to have this matter

transferred pursuant to 28 U.S.C. § 1404(a).  In light of this transfer, all deadlines in this

case shall remain STAYED until reset by the transferee court.

IT IS SO ORDERED this 7th day of July, 2023.

CHARLES B. GOODWIN
United States District Judge